JORGENSON, Judge.
Galloway was involved in a rent dispute with its landlord, Charles and Margaret Meyers. Galloway issued a series of rent checks on its account at Professional and delivered the checks to Meyers. Galloway subsequently ordered the bank to stop payment. The Meyers knew of the order, yet nevertheless presented all the checks for payment. Professional mistakenly paid the full amount of the checks, $9,230.68. On demand by Galloway, the bank recredited the account. Professional brought an action against Galloway as drawer and against Meyers as payee under section 674.407, Florida Statutes (1985), seeking recovery of the $9,230.68.[1] Upon its determination that section 4-407 of the Uniform Commercial Code afforded no cause of action against Galloway, the trial court first redesignated Galloway as a third party defendant and then entered a final order dismissing Professional’s complaint against Galloway. Professional appeals the order, claiming that the statute grants it the right to bring a single action against both the drawer and the payee to recover the funds paid. We agree that the bank should be *77 permitted to join both Galloway and Meyers in its action.
This case represents an initial construction of section 674.407, Florida Statutes (1985). We believe that the statute is meant to provide the payor bank with the most comprehensive and effective remedy possible. Under terms of the statute, unjust enrichment of all defendants joined in the action is not a requirement. See South Shore Nat’l Bank v. Donner, 104 NJ.Super. 169, 249 A.2d 25 (Law Div.1969) (payor bank allowed to retain all defendants, even if not all unjustly enriched, for most effective remedy). Here, there is an underlying dispute over rent and uncertainty concerning which defendant was unjustly enriched.[2] The statute affords a most judicially efficient remedy to the payor bank by permitting it to assert its subrogation rights against both payee and drawer in the same action. See also Hughes v. Marine Midland Bank, N.A., 127 Misc.2d 209, 484 N.Y.S.2d 1000 (Rochester Civ.Ct. 1985) (approving the right of a defendant payor bank to prosecute its subrogation claims against both its depositor and the person with whom the depositor has had an underlying transaction).
We, therefore, reverse and remand with instructions to enter an order requiring Galloway to file an answer to the amended complaint.
Reversed and remanded with directions.

. The statute is adopted from section 4-407, Uniform Commercial Code, and provides in pertinent part:
674.407 Payor bank’s right to subrogation on improper payment. — If a payor bank has paid an item over the stop-payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights:
******
(2) Of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; and
(3) Of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose.

. If the rent was actually due to Meyers and Galloway has no defense to payment of the checks, then Galloway wrongfully stopped payment and is liable to Professional for the amount paid. If the rent was not due, then Meyers is liable to Professional. If a portion of the rent was due to Meyers, then both defendants are liable for their respective shares. Permitting retention of both defendants is not unlike an inverse interpleader. At least one, and possibly both of the two real parties in interest have been unjustly enriched. The bank stands as an embarrassed, but innocent, party.